# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO.  1:08-CR-55** |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1) KATHY RAY WAHLER | ) | **GOVERNMENT'S MOTION IN LIMINE** |
| 2) EDWARD WAHLER | ) | |
| 3) LEWIS VINCENT HUGHES | ) | |
| | ) | |

NOW COMES the United States of America, by and through Edward R. Ryan, United States Attorney for the Western District of North Carolina, and moves <u>in limine</u> to exclude any testimony of Walker Todd as an expert witness for the Defendants in this matter.

**A.     Introduction**

Defendants have provided the government notice of intent to call Walker Todd as an expert witness in this matter.  Defendants will apparently offer Mr. Todd as an expert in the area of financial instruments who will rebut the testimony of government expert witness Bryan Heath.  Mr. Heath testified that the "bills of exchange" and related documents at issue in this case are fictitious financial instruments.  The defendants have provided the government with an affidavit Mr. Todd submitted in a civil suit involving Bank One, NA. in the Circuit Court for the County of Oakland. (*Bank One, N.A., v. Harshavardhan Dave*, et. al. No. 03-047448-CZ).  Although the affidavit sets out the educational and professional experience of Mr. Todd, it fails to address any issues related to the financial instruments relevant to this case.  Accordingly, to the extent that the defendants intend to qualify Mr. Todd as an expert witness in the case, the government renews its request for disclosure of the purported opinion and bases thereto pursuant to Rule 16 Fed. Crim. R. Proc. Moreover, to the extent that the defendants seek to present testimony from Mr. Todd that the

redemption scheme and related "bills of exchange" are valid, the Government moves <u>in limine</u> to prevent the presentation of such testimony to the jury.

    **B.**    **Analysis**

The government objects to any expert testimony the defendants seek to offer that the redemption scheme and related financial instruments are valid. According to the redemption scheme theory propounded by the defendants, HJR-192 provided individuals a mechanism to redeem their birth certificates from the U.S. government in exchange for money that can be drawn on through "bills of exchange." Contrary to defendants' assertion, however, HJR-192 "address[ed] nothing more than the U.S. monetary shift away from the gold standard and ...[n]either mentions nor even alludes to secret trust accounts, a remedy for governmental fraud, Bills of Exchange, the UCC, or any of the other implausible elements of Plaintiff's claim" and such claims has been summarily rejected by the Courts. *Bryant v. Washington Mut. Bank*, 524 F.Supp.2d 753, 760 (W.D.Va. 2007)(citing cases); *In re Cadillac by DeLorean,* 262 B.R. 711 (Bankr .N.D.Ohio 2001) (rejecting the legal argument that the federal government declared bankruptcy in 1933, leading each individual to have a financial account in the range of $1 million created through a birth certificate to reward the individual for his worldly efforts, and dismissing involuntary bankruptcy petitions based on this theory); *In re Harrison* 390 B.R. 590, 594 (Bkrtcy. N.D. Ohio,2008)(rejecting debtor's assertions that "he will pay the chapter 13 trustee (and his other creditors) by drawing on a private account or private exemption created in his name when he was born, which account is held at the Department of the Treasury, through Secretary Henry Paulsen, pursuant to "P.L. 73-10 (See H.J.R. 192 dated June 5, 1933)"); *McElroy, et al. v. Chase Manhattan Mortgage Corp., et al*., 36 Cal.Rptr.3d 176 (Cal.Ct.App. 2005)(rejecting plaintiff's claims under the same redemption scheme and holding as a matter of law that "nothing contained in the Joint Resolution of Congress, or in the decision of the

United States Supreme Court in *Henwood*, creates (or even suggests) any obligation on the part of the Secretary of the Treasury to pay the Bill. Nor does the Joint Resolution of Congress or *Henwood* have anything whatsoever to do with a private 'pledge,' or the 'redemption of a pledge,' or the authorization or creation of any 'Personal UCC Contract Trust Account.'  Since the Bill purports to identify the source of the Secretary of the Treasury's obligation to honor the Bill, and the cited source does not establish an obligation, we unhesitatingly conclude the Bill is a worthless piece of paper, consisting of nothing more than a string of words that sound as though they belong in a legal document, but which, in reality, are incomprehensible, signifying nothing").

The reliability of an expert's testimony cannot be established if the expert's discipline itself lacks reliability.  *See Kuhmo Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).  Here, the "bills of exchange" at issue are based on a meritless legal theory which has been thoroughly discredited by Courts throughout the land.  Therefore, Mr. Toodd's purported expertise in this area is highly suspect and lacks reliability.  Accordingly, any expert witness testimony asserting that the redemption scheme and the related bills of exchange used by the defendants are legitimate negotiable instruments is completely without merit and should be rejected by the Court.

**C.     Conclusion**

The defendants have failed to comply with their discovery obligations under Rule 16 Fed. R. Crim. Proc. because they have not provided the Government with a summary of the anticipated testimony of Mr. Todd and the basis for such testimony.  Moreover, any expert testimony offered by the defendants that asserts that the redemption and scheme and related "bills of exchange" are valid, is as a matter of law, wholly without merit.  Accordingly, the Court should prohibit the presentation of so called expert testimony.

Respectfully submitted this 15th day of November, 2009.

       EDWARD R. RYAN, United States Attorney

       s/Mark T. Odulio
       Assistant United States Attorney
       Mark T. Odulio Bar: State of Maryland
       Attorney for the United States
       227 West Trade Street, Suite 1650
       Charlotte, North Carolina 28202
       (704) 344-6222 (office)
       (704) 344-6629 (facsimile)
       mark.odulio@usdoj.gov

**CERTIFICATE OF SERVICE**

      This Motion will be served on the <u>pro se</u> defendants via hand delivery at trial on November 16, 2009.

      The undersigned hereby certifies that on this 15th day of November, 2009, the foregoing was duly served upon stand-by counsel for the defendants in the following manner:

By electronic notification from the Court to:

Angela G. Parrott,
Standby Counsel for Defendant (1) Kathy Ray Wahler
Federal Defenders of North Carolina
angela_parrott@fd.org

William R. Terpening.
Standby Counsel for Defendant (2) Edward William Wahler
Anderson Terpening PLLC
wt@houseofdefense.com

David Q. Burgess
Standby Counsel for Vincent Hughes
dburgess@dqblaw.com, akallenborn@dqblaw.com

                                          EDWARD R. RYAN
                                          UNITED STATES ATTORNEY

                                          s/Mark T. Odulio
                                          Assistant United States Attorney