UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | |
| | : | **CRIMINAL NO. 08-271** |
| **DANNY TRUE,** | : | **HON. ROYCE C. LAMBERTH** |
| a/k/a/ **DARBY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**UNITED STATES' REPLY TO DEFENDANT TRUE'S
SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S
MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF WALKER TODD**

The United States of America, by and through undersigned counsel, submits its reply to defendant True's Supplemental Memorandum in Opposition (Doc. #291) to the government's Motion in Limine to Preclude Untimely Noticed Testimony of Walker Fowler Todd (Doc. # 256). Nothing in defendant True's supplemental filing should persuade the Court to allow Walker Todd access to the jury. While the government primarily relies upon its previous submissions (Docs. #256, #286) regarding this subject, it offers this response for the limited purpose of pointing out errors in defendant True's Memorandum.

Defendant True's newest justification for allowing the jury to hear from former Federal Reserve lawyer Walker Todd is based upon incorrect representations regarding the record in this case. In his Memorandum, defendant True erroneously claims that the government elicited testimony from William Kerr that went beyond its initial notice of expert testimony, and in contradiction of his testimony on direct examination, urging that "Dr. Todd should be entitled to rebut this misleading testimony which suggests that neophytes review and receive these BOEs at

these institutions." (Doc. #291 at 1). In this vein, defendant True wrongly claims that the government elicited testimony beyond its initial notice of expert testimony, "that ordinary persons would be fooled by the BOEs in this case." (Id.). To the contrary, Mr. Kerr's expert report, filed in this case on December 4, 2008, opined that the BOEs manufactured and passed by the defendants in this case are "fictitious and worthless" but are "printed on safety paper containing the latest security features" which "create an aura of authenticity to the casual observer." (Doc. #56, Ex. B at 3).

Testifying consistently with his report, which defendant True has had for approximately seventeen months, Mr. Kerr opined, "[] I would say a person receiving this [BOE] would look at it and say, okay, it's a check...." (Trial Tr. Day 7 - PM at 69). Specifically, Mr. Kerr answered affirmatively to the following question on redirect: "So in your opinion, someone not expecting to receive fictitious instruments could be deceived by one of these?" (Trial Tr. Day 7 - PM at 70). Thus, Mr. Kerr's testimony was consistent with his expert report stating these instruments created "an aura of authenticity to the casual observer." (Doc. #56, Ex. B at 3).

In a similarly erroneous vein, defendant True claims that Mr. Kerr's testimony on redirect was contradictory to that of his direct examination. Quite the contrary. On direct examination, Mr. Kerr discussed numerous instances where the BOEs were put into the banking system for processing. (See e.g. Trial Tr. Day 7 - AM at 48). Mr. Kerr also spent a significant amount of time testifying about the large number of features that made these BOEs appear to be genuine financial instruments.

Further mischaracterizing Mr. Kerr's testimony, and as cited *supra*, defendant True makes the unsupported claim that Walker Todd can rebut Mr. Kerr's supposed testimony that

"neophytes" review and receive BOEs at institutions such as the Department of Treasury and the Internal Revenue Service. In fact, Mr. Kerr asserted repeatedly that he never worked at the Internal Revenue Service, and never testified as to who opens the mail at the Internal Revenue Service. When cross-examined by counsel for defendant True, Mr. Kerr merely observed that at most volume businesses the mail is not opened by a human being. (See Trial Tr. Day 7 - PM at 41).

Defendant True doggedly and groundlessly insists that expert testimony by Walker Todd, someone devoid of experience either at the Internal Revenue Service or the Treasury, will enlighten the jury on "the processing of financial instruments by the IRS" (Doc. #291 at 1). Even if Walker Todd knew anything about the inner workings of IRS Service Centers, given the evidence in this case, he might be reluctant to opine that they were staffed by persons who could not be fooled by the fake checks generated by defendant True. Walker Todd may very well be reluctant to so opine because the fate of the BOEs in evidence in this case is very clear. Besides several "bounced" BOEs sent in by co-defendants and customers (See e.g. GEXs 274 and 717), at least three fake checks sent in by defendant True to the IRS were deposited into banks (See GEX 678). Accordingly, no expert testimony is necessary on this issue, and the Court should not permit the jury to hear baseless "expert" testimony in any event.

The Court should reject all remaining points contained in defendant True's supplemental memorandum for the reasons already exhaustively briefed by the government. The Court has informed counsel for defendant True that the First Amendment is not a defense to the crimes charged; regardless, defendant True persists with his efforts to use Walker Todd to get this theory before the jury. Likewise, defendant True persists in his attempts to use an expert to

establish a *subjective* good faith belief. On this point, the Court told counsel for defendant True that the Court would not allow him to elicit testimony about "Redemption Theory" from Mr. Kerr and stated that the "[d]efendants can testify about what they thought." (Trial Tr. Day 7 - PM at 17-18 and 49).

In conclusion, the government urges the Court to closely scrutinize the examples of Walker Todd's testimony previously attached to the pleadings filed by both the government and defendant True. Walker Todd's irrelevant maunderings about "the intellectual history of the United States" and "mystifying beliefs" about the history of money (Doc.# 291 at 2) would serve only to confuse the jury. Because defendant True's supplemental memorandum contains nothing warranting further consideration[1] by the Court, the United States asks the Court to preclude the testimony of Walker Todd.

---

[1] In one novel claim, on the issue of whether placing "Void Where Prohibited by Law" on his fake checks should exculpate him, defendant True declares that he "anticipates that Dr. Todd will opine that this is one of several 'disqualifying marks' which precludes a jury finding that these documents meet the legal definition of fictitious instruments." This testimony should be precluded as an impertinent intrusion into the Court's right to be the sole arbiter of the law in this case.

            Respectfully submitted,

            JOHN A. DICICCO
            Acting Assistant Attorney General,
            Tax Division

      By: /s/ Tino M. Lisella
            Tino M. Lisella
            Trial Attorney
            U.S. Department of Justice, Tax Division
            P.O. Box 972
            Washington, DC 20044
            Telephone: (202) 514-5150
            Fax: (202) 616-1786
            Tino.M.Lisella@usdoj.gov

Dated: May 9, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record in this case. I hereby further certify that on May 9, 2010, I submitted the foregoing to be served on:

Eddie Kahn
*Pro Se Defendant*

Alan Tanguay
*Pro Se Defendant*

Stephen C. Hunter
*Pro Se Defendant*

By:  /s/ Tino Lisella
     Tino Lisella
     Trial Attorney