# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 08-271 (RCL) |
| EDDIE RAY KAHN, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on the government's Motion [256] *in Limine* to Preclude the Testimony of Walker Fowler Todd. For the reasons set forth below, the government's motion shall be granted.

## DISCUSSION

In his Notice [253] of Intent to Offer Expert Testimony, defendant True identifies six topics on which his expert, Walker Fowler Todd ("Todd"), is expected to testify: (1) the creation of the United States monetary system; (2) the origins of bills of exchange ("BOE") and redemption theory; (3) enforcement actions of the United States to counter fraudulent use of BOEs; (4) the government's ability to identify fraudulent BOEs; (5) third party views of concerning the viability of BOEs and redemption theory; and (6) non-fraudulent purposes of defendant True's BOEs. The government seeks to preclude Todd from testifying on each of these topics. The Court will address whether Todd may testify on these topics in turn.

### 1. Creation of the United States Monetary System

The government contends that Todd's testimony on the creation of the United States monetary system is irrelevant. Federal Rule of Evidence 402 provides that "[e]vidence which is

not relevant is not admissible." Relevant evidence is evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401.

Here, Todd's proposed testimony on the creation of the United States monetary system is not relevant because the monetary history of the United States is not at issue in this case. The jury will be able to understand the place of BOEs in the United States monetary system without an expert discussing at length the creation of that system. Indeed, his proposed testimony has no effect on "the existence of any fact that is of consequence to the determination of this action." *Id.* Accordingly, the Court precludes Todd from testifying on the creation of the United States Monetary System.

### 2. Origins of BOEs and Redemption Theory

The government next contends that Todd's testimony on the origins of BOEs and redemption theory is irrelevant because Todd is expected to testify as to how BOEs and redemption theory were utilized in the United States by people who disagreed with the government's view regarding the nature of money and underpinnings of the federal tax system. Defendant True argues that Todd should be allowed to testify on this subject because Todd's testimony will assist the jury in determining whether he acted in good faith. The Court agrees with the government.

In *Cheek v. United States*, the Supreme Court held that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury." 498 U.S. 192, 206 (1991). Although Cheek involved charges of willful failure to file tax returns and willful attempt to evade taxes, *id.* at 194, not mail fraud and conspiracy, the Court

finds that its holding applies to this case. Disagreement with the tax laws is not a defense to the charges in the indictment. Moreover, expert testimony on BOEs and redemption theory will not assist the jury in determining whether defendant True acted in good faith because under *Cheek*, the good faith inquiry is subjective. *Id.* at 202. Thus, having an expert explain why individuals disagree with the tax system is irrelevant and may confuse or mislead the jury.

### 3. Enforcement Actions

The third topic in defendant True's notice of expert testimony states that Todd "will testify regarding enforcement actions of the United States to counter the fraudulent use of [BOEs} and the Redemption Theory that underlies some of the BOEs utilized in the United States." (Notice [253] at ¶ 3.) The government argues that this testimony is inadmissible because the Court previously precluded defendants from introducing evidence regarding the government's exercise of prosecutorial discretion. Defendant True argues that Todd will not opine on the government's use of its prosecutorial discretion; rather he will testify about how the United States identifies fraudulent BOEs.

The enforcement actions taken by the government to counter fraudulent use of BOEs are irrelevant to this case. Although defendant True asserts in his opposition that Todd's testimony on this topic is about how the government identifies fraudulent BOEs, the language of the notice is clear that this topic covers "enforcement actions," and that topic four covers how the government identifies fraudulent BOEs. (Id. at ¶¶ 3-4.) Moreover, the enforcement actions taken by the government fall within the government's prosecutorial discretion, which the Court already prohibited. (Order [229], Nov. 9. 2009.) Accordingly, Todd is precluded from testifying on the enforcement actions of the government to counter fraudulent use of BOEs and redemption

theory.

### 4. The Government's Ability to Identify Fraudulent BOEs

Defendant True expects Todd to testify regarding the government's ability to identify fraudulent BOEs and the government's ability "to isolate fraudulent BOEs without undue disruption of the tax collection system." (Notice [253] at ¶ 4.) The government argues that Todd does not qualify as an expert on this subject.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Defendant True argues that Todd qualifies as an expert on this topic by knowledge, skill, experience, training, or education because he worked at the Federal Reserve Bank for twenty years. Fed. R. Evid. 702. During that time, he reviewed fictitious notes and other instruments. In addition, Todd has testified at several trials and has worked as a consultant, instructor, research fellow, and author since his employment with the Federal Reserve.

Todd, however, never worked for the IRS. Moreover, his curriculum vitae does not demonstrate any extensive interaction with the IRS or education that he received on how IRS processes BOEs. Indeed, his curriculum vitae is silent as to whether Todd has any specialized knowledge of the IRS and its workings. He has no basis to express his opinion on whether the IRS can isolate fraudulent BOEs without disruption of the tax system, or how the IRS identifies fraudulent BOEs. Accordingly, Todd lacks the "knowledge, skill, experience, training, or

4

education" to testify as an expert on this topic. Fed. R. Evid. 702.

### 5. Third Party Views

Defendant True expects Todd to testify that defendant True's actions were "typical of many of the persons who personally have adopted non-traditional views of the monetary and taxing systems of the United States." (Notice [253] at ¶ 5.) He seeks to offer this testimony in support of his defense that he acted in good faith.

As discussed above, whether defendant True's actions and beliefs are shared by other individuals is not relevant to whether he acted in good faith. *See Cheek*, 498 U.S. at 202. The inquiry is subjective and thus must focus on the belief of the defendant. Moreover, an expert testifying that defendant True's purported good faith belief is widely held may confuse or mislead the jury. *See* Fed. R. Evid. 403. Accordingly, Todd is precluded from testifying on this topic

### 6. Non-Fraudulent Purposes of Bills of Exchange

The government expert witness did not testify that the BOEs related to defendant True were created for the sole purpose of perpetrating fraud. In his opposition, defendant True acknowledged that if the government's expert did not testify to that effect, Todd's testimony on this topic is not necessary. Accordingly, Todd is precluded from testifying on this topic.

### **CONCLUSION**

Upon consideration of the government's motion, the opposition and reply thereto, the applicable law, and the entire record herein, it is, for the reasons set forth above, hereby

ORDERED that the government's Motion [256] *in Limine* is GRANTED; and it is further

ORDERED that Walker F. Todd is precluded from testifying at trial.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, on May 11, 2010.